IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL E. ACEVEDO,

      Plaintiff,

vs.　　　　　　　　　　　　　　　　　　　　　　　　　　No. CV15-0872 JB/KK

DAVID CERAME and ALLEN SIGMON,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court, under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on: (i) the Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed September 30, 2015 (Doc. 1)("Complaint"); and (ii) the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), filed September 30, 2015 (Doc. 2)("Application").  Plaintiff Michael E. Acevedo appears pro se.  For reasons set out below, the Court will: (i) grant Acevedo's Application; (ii) dismiss Acevedo's Complaint with prejudice; and (iii) dismiss the case.

The statute for proceedings in forma pauperis, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

Menefee v. Werholtz, 368 F. App'x 879, 884 (10th Cir. 2010)(citing Ragan v. Cox, 305 F.2d 58,

60 (10th Cir. 1962)). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." Scherer v. Kansas, 263 F. App'x 667, 669 (10th Cir. 2008)(citing Holmes v. Hardy, 852 F.2d 151, 153 (5th Cir. 1988)). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs. . . ." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. at 339.

The Court may grant a motion to proceed in forma pauperis even if the complaint fails to state a claim and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2).  See Buchheit v. Green, 705 F.3d 1157, 1160-1161 (10th Cir. 2012)("There is simply nothing in the language of the statute [regarding proceedings in forma pauperis, 28 U.S.C. § 1915,] indicating that such a dismissal must occur before the grant of a motion to proceed IFP.").

> [I]f an application to proceed in forma pauperis is supported by papers satisfying the requirements of 28 U.S.C.A. § 1915(a) leave to proceed should be granted, and then, if the court discovers that the action is frivolous or improper or that the allegations of poverty are untrue, it can dismiss the proceeding under 28 U.S.C.A. § 1915(d).

Oughton v. United States, 310 F.2d 803, 804 (10th Cir. 1962).

The Court will grant Acevedo's Application to Proceed in District Court Without Prepaying Fees or Costs. Acevedo signed an affidavit declaring that he is unable to pay the costs of these proceedings, and provided the following information: (i) his monthly income is $1,654.00 in disability payments; (ii) his monthly expenses are $1,675.00; (iii) he owns no assets; and (iv) he

is unemployed.  See Application at 1-4.  The Court finds that Acevedo is unable to pay the filing fee, because he is unemployed and his monthly expenses exceed his monthly income.

The Court has the discretion to dismiss an in forma pauperis complaint sua sponte under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted."  28 U.S.C. § 1952(e)(2).  The Court also may dismiss a complaint sua sponte under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In reviewing the Complaint, the Court applies the same legal standards applicable to pleadings that an attorney drafts, but liberally construes the allegations.  See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Acevedo filed his Complaint pursuant to 42 U.S.C. 1983.  See Complaint at 1.  Acevedo alleges:

> on 9/8/15 had a 3-day Notice on Door/went to Crestridge Office about the Notice, said I have all my receipt's, David asked what apt # is mine/said I owe $230.00 half the rent. I asked for a receipt/he said I have it on the computer, would not give me a receipt.
>
> . . . .
>
> Count I:
>
> . . . .
>
> On the 10th of September I receive what looked like the same paper with the same thing on it as before, this looks like this is a dishonest act by DAVID J. CERAME, He wants Michael E. Acevedo to consent to the rent amount of $1,397.00 and to sign a lease.  18 U.S.C. § 880 illegal Extortion

> Count II:
>
> DAVID J. CERAME knowing this Notice is a fraud, he used the U.S. Post Office to deliver his fraud.   18 U.S.C. § 876: Mailing Threatening Communications.

Complaint at 2-3.  Acevedo requests relief of $2,000,000.00.  See Complaint at 5.  Acevedo states that Defendant David J. Cerame, an agent for Crestridge Apartments, and Defendant Allen Sigmon, an employee of Real Estate Group, were not acting under color of state law.  See Complaint at 1-2.  There are no factual allegations in the Complaint regarding Defendant Allen Sigmon.

Acevedo's Complaint, pursuant to 42 U.S.C. § 1983, fails to state a claim.  Section 1983 authorizes suits only against persons acting under color of state law.  See McCarty v. Gilchrist, 646 F.3d 1281, 1285 (10th Cir. 2011)("Section 1983 provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by any person acting under color of state law").  None of the Complaint's allegations in the suggest that Cerame and Sigmon are state actors.  Indeed, Acevedo states that the Defendants were not acting under color of state law.  See Complaint at 1-2.  Accordingly, Acevedo has not stated a claim under § 1983.  The Court will therefore dismiss Acevedo's section 1983 claims.

Acevedo's allegations that Cerame violated 18 U.S.C. § 880, Receiving the proceeds of extortion, and 18 U.S.C. § 876, Mailing threatening communications, also fail to state claims. Section 880, Receiving the proceeds of extortion states:

> A person who receives, possesses, conceals, or disposes of any money or other property which was obtained from the commission of any offense under this chapter that is punishable by imprisonment for more than 1 year, knowing the same to have been unlawfully obtained, shall be imprisoned not more than 3 years, fined under this title, or both.

18 U.S.C. § 880.   Section 876, Mailing threatening communications, states:

- 4 -

**(a)** Whoever knowingly deposits in any post office or authorized depository for mail matter, to be sent or delivered by the Postal Service or knowingly causes to be delivered by the Postal Service according to the direction thereon, any communication, with or without a name or designating mark subscribed thereto, addressed to any other person, and containing any demand or request for ransom or reward for the release of any kidnapped person, shall be fined under this title or imprisoned not more than twenty years, or both.

**(b)** Whoever, with intent to extort from any person any money or other thing of value, so deposits, or causes to be delivered, as aforesaid, any communication containing any threat to kidnap any person or any threat to injure the person of the addressee or of another, shall be fined under this title or imprisoned not more than twenty years, or both.

**(c)** Whoever knowingly so deposits or causes to be delivered as aforesaid, any communication with or without a name or designating mark subscribed thereto, addressed to any other person and containing any threat to kidnap any person or any threat to injure the person of the addressee or of another, shall be fined under this title or imprisoned not more than five years, or both. If such a communication is addressed to a United States judge, a Federal law enforcement officer, or an official who is covered by section 1114, the individual shall be fined under this title, imprisoned not more than 10 years, or both.

**(d)** Whoever, with intent to extort from any person any money or other thing of value, knowingly so deposits or causes to be delivered, as aforesaid, any communication, with or without a name or designating mark subscribed thereto, addressed to any other person and containing any threat to injure the property or reputation of the addressee or of another, or the reputation of a deceased person, or any threat to accuse the addressee or any other person of a crime, shall be fined under this title or imprisoned not more than two years, or both. If such a communication is addressed to a United States judge, a Federal law enforcement officer, or an official who is covered by section 1114, the individual shall be fined under this title, imprisoned not more than 10 years, or both.

18 U.S.C. § 876. Sections 880 and 876 are statutes setting forth penalties for crimes related to extortion and threats. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Diamond v. Charles, 476 U.S. 54, 64 (1986). The Court will dismiss Acevedo's claims under 18 U.S.C. § 880 and 18 U.S.C. § 876.

The Court will dismiss Acevedo's Complaint with prejudice, because it has dismissed all

issues and claims in the Complaint.   The Court will dismiss this case with prejudice, because it finds that allowing Acevedo to amend his Complaint would be futile.   See Curley v. Perry, 246 F.3d 1278, 1284 (10th Cir. 2001)(agreeing "with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

**IT IS ORDERED** that: (i) Plaintiff Michael Acevedo's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), filed September 30, 2015 (Doc. 2) is granted; (ii) Plaintiff Michael Acevedo's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed September 30, 2015 (Doc. 1), is dismissed with prejudice; (iii) the case is dismissed and final judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

Michael E. Acevedo
Albuquerque, New Mexico

*Plaintiff pro se*